UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY L. BARNES, | ) | CASE NO.1:10CR042 |
| | ) | 1:13CV959 |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #42). Petitioner contends that trial counsel and appellate counsel provided ineffective assistance, and that his sentence is unreasonable. The Government filed a Motion to Dismiss Defendant's Motion to Vacate (ECF#44). For the following reasons, the Court grant's the Government's Motion to Dismiss, and dismisses Petitioner's Petition.

**FACTS**

On January 27, 2010, a single-count indictment was filed charging Petitioner with

1

Felon in Possession of Firearm.  On April 20, 2010, Petitioner entered a guilty plea to the Indictment.  On August 3, 2010, this Court sentenced Petitioner to 67 months imprisonment, to be followed by three years Supervised Release.  Petitioner timely filed an Appeal with the Sixth Circuit Court of Appeals.  On December 13, 2011, the Court of Appeals affirmed this Court's judgment.

On April 23, 2013, Petitioner filed the instant Motion to Vacate, asserting the following grounds for relief:

> **GROUND ONE:** Movant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 688 (1984).
>
> **GROUND TWO:** Movant was denied effective assistance of appellate counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. *Evitts v. Lucey*, 469 U.S. 387 (1985).
>
> **GROUND THREE:** Movants sentence is unreasonable and in violation of the United Staes (sic) Constitution and sentencing guidelines.

On May 28, 2013, the Government filed a Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 as Untimely Filed.  On June 10, 2013, Petitioner filed Reply to the Government's Response.

### **STANDARD OF REVIEW**

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.'  In order to prevail upon a §2255 motion, the movant must allege as a basis for relief:  '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  *Mallett v. United States,* 334 F.3d

2

496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires defendants to file § 2255 claims within one year of the finalization of the conviction. 28 U.S.C. § 2255(f). Specifically, the statute provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner was sentenced on August 3, 2010. Judgment was entered on August 6, 2010. Petitioner's Appeal to the Sixth Circuit was denied on December 13, 2011. A mandate followed on January 23, 2012. Because Petitioner did not file a petition for certiorari to the Supreme Court, his conviction became final 90 days after the denial of his direct appeal, or 90 days from December 13, 2011, that being March 12, 2012. Petitioner had until March 11, 2013, to file his § 2255 Petition, and therefore, his Petition is time-barred.

3

In his Reply to the Government's Response, Petitioner contends that he was exhausting his jail time credit issue with the Court which prevented him from pursuing a §2255 Motion. The Supreme Court instructs that, to be entitled to equitable tolling, a habeas petitioner must show: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2560-2562 (2010).

The Court finds that Petitioner was not diligently pursuing his rights, only pursuing his jail credits. Petitioner received two letters from the Sixth Circuit Court of Appeals that were dated December 5, 2011, and May 8, 2012, respectively. The first correspondence informed him that briefing in his case was complete and that the Appeal was awaiting a decision from the Sixth Circuit. The second correspondence informed him his Appeal was closed, providing Petitioner with actual notice that his Appeal was decided and that the one-year statute of limitations for his §2255 Petition had started to run. At that point, Petitioner had approximately ten months to file a §2255 Petition.

Petitioner has failed to show that any extraordinary circumstance has prevented him from filing a timely petition. Petitioner's claim that he did not have access to his files and materials, and thus was unable to file a petition is without merit. Petitioner's Petition outlines his assessment of counsel's performance during his case and his appeal, therefore, Petitioner's claim of ineffective assistance of trial counsel is not based on actions that were newly discovered, or could not have been asserted within the one-year time frame.

4

The Court finds that Petitioner's Petition was untimely filed and is barred by the one year limitation period set forth in the AEDPA. The Court further finds that Petitioner failed to act with reasonable diligence in the time he seeks to toll. Petitioner has not met his burden demonstrating his entitlement to equitable tolling.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

5

     IT IS SO ORDERED.

<u>June 13, 2013</u>              <u>s/Christopher A. Boyko</u>
Date                      CHRISTOPHER A. BOYKO
                            United States District Judge